DECISION
This matter comes before this Court on Paul and Marguerite Lischio's (appellants') Motion for Clarification. It is the appellants request that this Court clarify whether their rights to develop property in the Town of North Kingstown vested prior to that Town's amendment of its zoning ordinances.
 TRAVEL/FACTS
The detailed recital of the background facts surrounding the instant matter are set forth in Lischio v. Town of North Kingstown, No. 01-505 MP., slip op. (R.I. filed March 21, 2003), as well as this Court's April 25, 2003 Decision.
 VESTED RIGHTS
The appellants have petitioned this Court to clarify its April 25, 2003 decision with respect to the issue of whether their rights to develop the property as a commercial use vested prior to the Town's amendment to § 21-363, Zoning Ordinance — N.K. In the April 25, 2003 decision, this Court found that because the Rhode Island Supreme Court in its March 21, 2003 Opinion ordered the Superior Court to grant the appellants' request for a dimensional variance for Lot 20, the issue was moot respecting the issue of whether the appellants' rights to develop Lot 20 as a commercial use had vested.
Specifically, the appellants now ask this Court to decide three issues: (1) that the Town's amendment of § 21-363 constituted a taking of Lot 20 without just compensation; (2) that their (the appellants') rights to develop Lot 20 as a commercial use vested because they filed a substantially complete variance application for Lot 20 prior to the amendment of § 21-363; and (3) that because of the Rhode Island Supreme Court's Opinion in Lischio, the amendment of § 21-363 was improper.
Additionally, in his oral presentation, counsel for the appellants argued that comments by the Town Solicitor at the Town Council meeting of July 10, 2000 somehow assured the appellants of vested development rights in the property. This Court fully examined the transcript of minutes of that meeting and found no language, either directly or inferentially, which would support such a conclusion. Thus this Court finds, in this record, the appellants' assertion to be untenable.
As to the appellants' first argument, this Court is mindful that the Supreme Court in Lischio has already addressed this issue. Specifically, the Lischio Court held that "without the benefit of a dimensional variance petitioners are denied all beneficial use of their property, resulting in a regulatory taking." Lischio No. 01-505 MP., slip op. at 17. However, once the Supreme Court ordered the variances to be granted, the petitioners, conversely, would no longer necessarily be denied all beneficial use of the property; resulting in a regulatory taking. The issue before this Court in its April 25, 2003 Decision, was whether § 21-363 constituted a taking of the property. The Court specifically and clearly ruled on the issue — of whether said amendment constituted a taking — in the negative. See Decision of April 25, 2003 at 18-19.
With respect to the appellants' remaining issues for clarification, this Court again references the Lischio Court's holding that the appellants' requested variances must be granted. The appellants have not referenced, and this Court is not aware of, any controlling law or statutory ordinance provision mandating that their specific development plan for the property must also be granted by the Town. Finally, this Court specifically ruled that said amendment was in conformance with the Comprehensive Plan and thus valid.
Accordingly, the above constitutes this Court's clarification of its April 25, 2003 findings with respect to the vesting and takings issues, as well as the validity of the amendment to § 21-363.